J. Llamas & Co., Plaintiff and Appellant, *v.* Great American Insurance Corporation, Etc., Defendant and Appellee.

Appeal from the First District Court of San Juan in an Action to Recover on a Policy.

No. 3292.—Decided December 5, 1924.

Insurance—Fire Insurance—Evidence.—In this action to recover $3,300, the amount of a fire insurance policy, the fire occurred between eight and nine

o'clock p. m. and the evidence showed that the insured property was not worth more than $1,000 at the time of the fire; that the insured had no employees and was the only person who had access to the store during closing hours; that mosquito nets, blankets, etc., saturated with petroleum and a large number of empty cardboard boxes were found in the store when the fire started; that the insured kept no account books and testified that the loose-leaf accounts were destroyed by the fire. *Held:* That this chain of circumstances and others referred to in the opinion justify the inference that although he was not arrested the plaintiff set the fire for the purpose of collecting the insurance.

The facts are stated in the opinion.

*Mr. J. Valldejuli* for the appellant.

*Messrs. Chas. Hartzell, D. F. Kelly* and *R. O. Fernández* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

Sued on a policy of fire insurance the insurer successfully defended on the ground of incendiarism. The evidence of this alleged voluntary burning was entirely circumstantial but unusually strong. The court found that the insured had no employee and was the only person who had access to the premises in non-working hours. The insured shop was locked at 6 o'clock and the fire took place between 8 and 9. On the arrival of the firemen and the police, after a short struggle with the flames they managed to enter the burning premises and found there mosquito nets, blankets and other cotton or linen objects impregnated with gasoline along with a great number of empty pasteboard boxes. The court also found as an independent fact that the insured property at the time of the fire was not worth more than $1,000. Now, as the insurance policy was for $3,300 and the insured sought to recover the whole amount, this was another badge of fraud. In addition the evidence shows that the insured kept no regular books and he testified that such account sheets as he had were destroyed in the fire. This destruction is another suspicious circumstance. The complainant besides was unable to give a satisfactory account either of his purchases or of the careless condition of

his premises wherein, as the testimony showed, a mass of rubbish was allowed to accumulate.   Incidentally we may say that over-insurance may readily take place, but a bald attempt to recover a great deal more than he owned, connected with other circumstances, is a bad sign.   All the facts made such a chain of circumstantial evidence that no other reasonable inference is possible than that the complainant deliberately set fire to his place.   It makes no difference that the authorities did not arrest him.   Nor is it possible, under the facts and findings, that some of the insured merchandise was stolen while the fire was progressing.   The police and the firemen intervened soon enough to prevent such a happening.

Without definitely deciding the stand we should take we are inclined to agree with the appellee that in a civil case the fact of incendiarism need not be proved beyond a reasonable doubt.   26 C. J. 542, 10 R.C.L. 1012, sec. 204.   Joyce on Insurance, vol. 5, page 6197, sec. 3782 (as cited by appellee).   We rather like the instruction given to the jury in the case of *Schmidt* v. *New York Union Mutual Fire Ins. Co.,* 1 Gray (Mass.), 529, namely, that "the burden of proof was on the defendant and that the jury must be satisfied, as reasonable men, of the truth of the allegations made by the defendant."   In the instant case the court had the right from the evidence to be convinced beyond a reasonable doubt of the guilt of the complainant.

So plain was the guilt that there was no justification for beginning this action, nor for the appeal, after the evidence and the findings of the court.

The judgment will be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.